**F I L E D**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ROBERT A. WEITZEL, M.D.,

      Plaintiff - Appellant,

v.

DIVISION OF OCCUPATIONAL
AND PROFESSIONAL LICENSING
OF THE DEPARTMENT OF
COMMERCE OF THE STATE OF
UTAH, A. GARY BOWEN, Director
of the Division of Occupational and
Professional Licensing, in both his
official and individual capacities, and
JOHN DOES I through X, in their
official and individual capacities,

      Defendants - Appellees.

No. 99-4214

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D. Ct. No. 99-CV-670-K)

---

Peter Stirba (John Warren May, with him on the briefs), Stirba & Hathaway, Salt
Lake City, Utah, appearing for the Appellant.

Brent A. Burnett, Assistant Attorney General (Jan Graham, Attorney General, and
Nancy L. Kemp, Assistant Attorney General, on the brief), Office of the Attorney
General of the State of Utah, Salt Lake City, Utah, appearing for the Appellee.

---

Before **TACHA**, Chief Judge, **McWILLIAMS** and **MURPHY**, Circuit Judges.

**TACHA**, Chief Judge.

Plaintiff appeals the district court's abstention under the doctrine of Younger v. Harris, 401 U.S. 37 (1971). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

## I. Facts

Prior to August 24, 1999, the appellant, Robert A. Weitzel, M.D., was licensed to practice psychiatry by the appellee, Division of Occupational and Professional Licensing (the Division), a division of the Department of Commerce of the State of Utah. The Division had authorized Dr. Weitzel to practice medicine and to prescribe and administer controlled substances within the State of Utah.

The Division filed two licensing petitions on April 29, 1999, seeking orders revoking or suspending Dr. Weitzel's licenses to practice medicine and prescribe and administer controlled substances in the state of Utah. These petitions were based on Dr. Weitzel's alleged conduct before and during 1997.

---

[1]Federal courts of appeal have jurisdiction pursuant to § 1291 of a district court's abstention from exercising jurisdiction over a matter because it is a "final decision" that puts the litigants "effectively out of court." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 713 (1996) (internal quotation marks omitted).

On August 13, 1999, Division Director A. Gary Bowen initiated an evaluation proceeding pursuant to Utah Code Ann. § 58-67-601(4) by ordering Dr. Weitzel to submit to a psychological examination for the purpose of determining Dr. Weitzel's capability of practicing medicine with "reasonable skill regarding the safety of his patients."

Six days later, Dr. Weitzel's counsel delivered to the Division a letter requesting that the Division conduct a review of the examination order to determine whether it complied with Utah law, including the Utah Administrative Procedures Act ("UAPA"), Utah Code Ann. §§ 63-46b-0.5 to 22, and the Department of Commerce Administrative Procedures Act Rules, Utah Admin. Code R151-46b. The Division denied the relief sought in this letter on August 23, 1999 because, among other reasons, it determined that the UAPA did not apply to evaluation orders issued pursuant to Utah Code Ann. § 58-67-601(4).

On August 24, 1999, Dr. Weitzel faxed a letter to Director Bowen indicating Dr. Weitzel's intent to appeal the denial of the review request and requesting that the Division stay any suspension actions until Dr. Weitzel had an opportunity to exhaust his administrative remedies.

That same day, Dr. Weitzel served the Executive Director of the Utah Department of Commerce with a letter appealing the Division's denial of review.

Later that day, Director Bowen issued an order suspending Dr. Weitzel's

license to practice medicine and to prescribe and administer controlled substances in the State of Utah pursuant to Utah Code Ann. § 58-67-601(4)(c)(i).[2]

Dr. Weitzel initiated an action in federal court on August 30, 1999, seeking (1) declaratory relief in the form of an order declaring Utah Code Ann. § 58-67-601(4) unconstitutional on its face and as applied through the issuance of the evaluation and suspension orders; (2) damages from Director Bowen for violations of 42 U.S.C. § 1983 in issuing the evaluation and suspension orders and depriving Dr. Weitzel of adequate agency review; (3) damages from the Division, Director Bowen, and other presently unnamed individuals for violations of Dr. Weitzel's liberty and property interests; and (4) damages from the individual defendants in their individual capacities for denial of fundamental fairness. Additionally, Dr. Weitzel sought injunctive relief against the Division ordering the Division to reinstate his licenses as well as damages, including punitive damages, attorney's fees, and costs.

On October 4, 1999, the district court held that the Younger abstention doctrine prevented it from adjudicating Dr. Weitzel's claims. The court found that Dr. Weitzel's pending appeal to the Executive Director of the Department of Commerce was an ongoing state action that provided an adequate forum for Dr.

_____

[2]Utah Code Ann. § 58-67-601(4)(c)(i) states: "Failure of a physician to submit to the examination ordered under this section is a ground for the division's immediate suspension of the physician's license by written order of the director."

Weitzel to assert his claims. Consequently, the court dismissed Dr. Weitzel's claims without prejudice. Dr. Weitzel appeals to this court.

## II. Discussion

The district court's abstention pursuant to <u>Younger</u> is subject to de novo review. <u>Amanatullah v. Colo. Bd. of Med. Exam'rs</u>, 187 F.3d 1160, 1163 (10th Cir. 1999). Under the <u>Younger</u> abstention doctrine, federal courts should not "interfere with state court proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings –" when a state forum provides an adequate avenue for relief. <u>Rienhardt v. Kelly</u>, 164 F.3d 1296, 1302 (10th Cir. 1999). "Younger abstention is non-discretionary;" the district court must abstain once the conditions are met, "absent extraordinary circumstances." <u>Amanatullah</u>, 187 F.3d at 1163. As this court stated in <u>Amanatullah</u>:

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

<u>Id.</u> (quoting <u>Taylor v. Jaquez</u>, 126 F.3d 1294, 1297 (10th Cir. 1997)).

Dr. Weitzel argues that the district court erred in abstaining under <u>Younger</u>

because the relief sought would not interfere with any ongoing state action. Alternatively, Dr. Weitzel argues that this case falls within exceptions to the Younger abstention doctrine.

**A.  Applicability of Younger Abstention**

Dr. Weitzel argues that the Younger abstention doctrine is inapplicable to his motion for preliminary injunction because he is not seeking to enjoin the Division from investigating his competency to practice medicine and prescribe and administer controlled substances.  Rather, he argues that the injunctive relief he seeks is a declaration that the suspension order is unconstitutional and an opportunity to challenge the psychological evaluation order without the continued suspension of his license.

While we find this argument unpersuasive and agree with the district court's Younger analysis in light of the facts then available, subsequent developments cast doubt on whether the appeal to the Executive Director of the Department of Commerce provided an adequate forum for Dr. Weitzel to assert his claims.

Approximately six weeks after the district court's abstention, the Executive Director of the Department of Commerce issued its order in response to Dr. Weitzel's appeal.  The Executive Director concluded that he lacked jurisdiction to

review the constitutionality of state statutes:

> "[T]he defendant Department of Business Regulation (now Commerce), as an administrative agency, does not determine the constitutionality of statutes." Clayton v. Bennett, 298 P.2d 531 (Utah 1956). The constitutionality of a statute must be determined in a court of law and cannot be addressed by the Executive Director.
>
> The Executive Director, in considering this appeal, is only able to look at whether the Division strictly complied with and followed the procedures established by the legislature and cannot question whether in following such procedures the Division may have deprived Petitioner of any constitutionally protected right.

In re Robert Allan Weitzel, No. DOPL Misc., at 4 (Utah Dep't Commerce, Nov. 17, 1999). In light of the Executive Director's order, we cannot agree with the district court that the appeal to the Executive Director provided Dr. Weitzel with an adequate forum to assert his constitutional claims.

This, however, does not conclude our analysis. On December 2, 1999, Dr. Weitzel filed a complaint in the Utah Third District Court seeking relief identical to that sought in federal district court. This action is still pending.

This court is "'free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.'" United States v. Sandia, 188 F.3d 1215, 1217 (10th Cir. 1999) (quoting Medina v. City & County of Denver, 960 F.2d 1493, 1495 n.1 (10th Cir. 1992)). Although Younger abstention may have been inappropriate prior to the filing of Dr. Weitzel's action in state court, it is appropriate now. Clearly the pending state proceeding is an ongoing state action.

It is also beyond dispute that the Utah state judiciary provides an adequate forum for Dr. Weitzel to assert his constitutional claims.  See, e.g., Allen v. McCurry, 449 U.S. 90, 105 (1980) (citing Stone v. Powell, 428 U.S. 465, 493-94 n.35 (1976), for its "emphatic reaffirmation . . . of the constitutional obligation of the state courts to uphold federal law, and its expression of confidence in their ability to do so").  Furthermore, "there is no question that the licensing and discipline of physicians involve[] important state interests, matters which traditionally look to state law for their resolution, or implicate separately articulated state policies." Amanatullah, 187 F.3d at 1164-65.  Indeed, the Younger doctrine is particularly applicable in a case such as this where the pending state proceeding may rectify any constitutional violations.  See, e.g., Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 12 (1987) (noting that Younger abstention "'offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests'" (quoting Moore v. Sims, 442 U.S. 415, 429-30 (1979))).

We find that the federal courts are required to abstain under the Younger doctrine from adjudicating Dr. Weitzel's claims.


**B.  Exceptions to Younger Abstention**

Dr. Weitzel argues that, even if the Younger abstention doctrine is

applicable, the Division's conduct brings this case within the exceptions to abstention. The <u>Younger</u> abstention doctrine is inapplicable "'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" <u>Amanatullah</u>, 187 F.3d at 1165 (quoting <u>Perez v. Ledesma</u>, 401 U.S. 82, 85 (1971)).

We first address Dr. Weitzel's argument that he faces irreparable injury. The "'threat to the plaintiff's federally protected rights' is only irreparable if it 'cannot be eliminated by . . . defense against a single prosecution.'" <u>Phelps v. Hamilton</u>, 122 F.3d 885, 889 (10th Cir. 1997) (omission in original) (quoting <u>Younger</u>, 401 U.S. at 46 (1971)). Dr. Weitzel's pending state court action may resolve any violation which may have occurred to his protected rights. Accordingly, this is not one of the extraordinary circumstances where irreparable injury can be shown. This exception is therefore inapplicable.

Dr. Weitzel also argues that the Division's action against him was commenced in bad faith. This court looks to three factors in determining whether a state action was commenced in bad faith or was intended to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of

multiple prosecutions.

Id. "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps, 122 F.3d at 889.

Dr. Weitzel does not contend that the Division's action was motivated by his class or was in retaliation for his exercise of constitutionally protected rights. Thus, only the first and third factors are at issue. We find Dr. Weitzel's arguments that the Division acted in bad faith to be without merit. The Division acted pursuant to state law. Although Dr. Weitzel maintains that the law was unconstitutional, this argument falls short of meeting his "heavy burden" of showing bad faith. Assuming arguendo that the statute is unconstitutional, we cannot say that it is so patently unconstitutional that the Division's actions could be considered frivolous or without reasonable hope of success.

Dr. Weitzel also argues that the Division's three actions constitute harassment and an abuse of prosecutorial discretion. We disagree. The Division has demonstrated a reasonable basis for each of the three actions. One action was for Dr. Weitzel's failure to submit to a psychological evaluation pursuant to Utah Code Ann. § 58-67-601(4). Another action was brought for surrendering a license to practice medicine in California in violation of Utah Admin. Code R156-1-502(1). A third action was brought for failing to keep required records regarding

the disposition of controlled substances in violation of Utah Admin. Code R156-37-602, prescribing controlled substances in excess of necessary amounts in violation of Utah Code Ann. § 58-37-8(2)(a), demonstrating incompetence or negligence in the practice of medicine in violation of Utah Code Ann. § 58-1-501(2)(g), and sexual exploitation of a patient in violation of Utah Code Ann. § 58-1-501(2)(k).[3]

In alleging that these three actions constitute an abuse of discretion or harassment, Dr. Weitzel has offered nothing more than his own assertions. Given the state's justifications for these three actions, Dr. Weitzel's argument that the Division's conduct constituted harassment or an abuse of discretion is without merit. We find, therefore, that this exception to the <u>Younger</u> abstention doctrine is inapplicable.

### III. Conclusion

---

[3]The Division notified this court by submitting supplemental authority pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure that Dr. Weitzel had been convicted in state court of a number of felonies stemming from the same conduct alleged in this action. In response, Dr. Weitzel filed a motion with this court to strike the Division's supplemental authority and for attorneys' fees and costs.

We acknowledge that the Division's purpose in submitting this supplemental material was legitimate and relevant to the reasonableness of its actions. Nevertheless, we choose not to rely upon it. Dr. Weitzel's motion to strike the convictions is granted. His motion for attorneys' fees and costs is denied.

We hold that abstention under the <u>Younger</u> doctrine is appropriate.  We also hold that the exceptions to <u>Younger</u> abstention are inapplicable to this case. Because we hold that abstention is proper, we will not address the merits of Dr. Weitzel's claims.  <u>See</u> <u>Griffin v. Davies</u>, 929 F.2d 550, 554 (10th Cir. 1991) ("We will not undertake to decide issues that do not affect the outcome of a dispute.").

Accordingly, we AFFIRM.