**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT G. SPAGNOLA,

    Plaintiff-Appellant,

v.

THE STATE BOARD OF
AGRICULTURE, as governing
body of Colorado State University;
LOREN CRABTREE, Individually
and as Provost of Colorado State
University; DANIEL E. COSTELLO,
Individually and as Dean of the
College of Business for Colorado
State University,

    Defendants - Appellees.

No. 00-1312
(D.C. No. 99-S-178)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **PORFILIO** , and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Following his resignation as a tenured professor at Colorado State University (CSU or the University), plaintiff Robert Spagnola filed this action alleging violations of his due process and equal protection rights under 42 U.S.C. § 1983 and asserting state-law claims for breach of contract and intentional infliction of emotional distress. The district court granted summary judgment to defendants on Spagnola's federal claims and declined to exercise supplemental jurisdiction over his state-law claims. On appeal, Spagnola challenges the district court's rejection of his due process claim, in particular, its conclusion that he was not constructively discharged from his position with CSU. We review the district court's grant of summary judgment de novo, applying the same standard as the district court did. *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000). We affirm, though our analysis differs slightly from the district court's. *See Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Commerce*, 240 F.3d 871, 876 (10th Cir. 2001) (appellate court may affirm on any ground supported by record).

These are the facts viewed in Spagnola's favor. Spagnola obtained tenure at CSU in May 1997. In February 1998, he was offered a position at another university. He wanted to accept the new position but did not want to relinquish

-2-

his tenured position at CSU, so he asked his department head for leave without pay to take the new position. The department head told him that the dean of the college, defendant Costello, would only grant leaves of absence for medical reasons. Spagnola then asked Costello directly for a leave of absence, and Costello denied the request. Spagnola resigned from CSU in May 1998 and took the new position, but in June, he decided he did not want the new position, and he asked his former department head if he could withdraw his resignation. Defendant Crabtree, provost of the University, refused to rescind the resignation, but Spagnola was offered, and he accepted, his former position on a temporary basis.

Spagnola subsequently learned that leaves of absence had been granted to other tenured professors for other than medical reasons, and he contends that his department head and Costello misinformed him about CSU's policy regarding the availability of unpaid leave. Relevant to his due process claim, he claims this misinformation effectively made his resignation involuntary and that the University constructively discharged him without according him due process.

When an employee has a protected property interest in continued employment, an employer cannot deprive the employee of that interest without providing him or her due process. *Yearous v. Niobrara County Mem'l Hosp.*, 128 F.3d 1351, 1355-56 (10th Cir. 1997). Thus, an employer's constructive

discharge of an employee with a property interest in employment raises due process concerns and may be actionable under § 1983. *Id.* Because Spagnola was a tenured professor, it is undisputed that he had a property interest in his position with the University. The issue here is whether he voluntarily resigned or was constructively discharged.

To determine whether Spagnola resigned voluntarily or was constructively discharged, "we consider the totality of the circumstances under an objective standard." *Id.* at 1356. The factors we consider in making this determination include

> "(1) whether the employee was given some alternative to resignation; (2) whether the employee understood the nature of the choice he was given; (3) whether the employee was given a reasonable time in which to choose; and (4) whether he was permitted to select the effective date of resignation."

*Id.* (quoting *Parker v. Bd. of Regents*, 981 F.2d 1159, 1162 (10th Cir. 1992)) (alterations omitted). Moreover, "a resignation is only considered involuntary if the working conditions are viewed as so intolerable, a reasonable person would feel compelled to resign." *Lighton v. Univ. of Utah*, 209 F.3d 1213, 1222 (10th Cir. 2000). Spagnola claims he "was given no alternative to resignation--if he wished to gain additional professional experience he would have to resign." Appellant's Br. at 10. He further contends that the misinformation he was given

regarding the possibility of leave without pay led him to misunderstand the nature of the choice he was given.

Considering the totality of the circumstances, we conclude there can be no factual dispute that Spagnola voluntarily resigned. Critically, the resignation was solely his choice based, as he admits, on his personal career goals. Defendants placed no pressure on him to resign or seek employment elsewhere, and he presents no evidence that CSU had some obligation to grant him leave to "gain additional professional experience" at some other university. He contends that a factual dispute over which of two University leave policies applied to him precludes summary judgment. This issue is simply irrelevant because no policy or lack of policy induced him to resign. This fact distinguishes the cases on which he primarily relies for his constructive discharge argument because in those cases, the misinformation caused the resignations. *See Covington v. Dep't of Health & Human Servs.*, 750 F.2d 937, 942 (Fed. Cir. 1984); *Scharf v. Dep't of the Air Force*, 710 F.2d 1572, 1575 (Fed. Cir. 1983).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge