FILED
United States Court of Appeals
Tenth Circuit

August 3, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

REGINALD REED,

Petitioner-Appellant,

v.

RAE TIMME, Warden, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents-Appellees.

No. 10-1082

(D. of Colo.)

(D.C. No. 09-cv-2634-ZLW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Reginald Reed, proceeding pro se,[1] seeks a certificate of appealability

(COA) to challenge the district court's dismissal of his petition for a writ of

---

[*]  This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

[1] Because Reed proceeds on appeal pro se, we construe his "pleadings and other papers liberally, but we do not assume the role of advocate, and his pro se status does not relieve him of his obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009) (internal punctuation omitted).

habeas corpus pursuant to 28 U.S.C. § 2254. The district court concluded that Reed's petition was time barred under 28 U.S.C. § 2244(d)(1), and he was not entitled to equitable tolling. After careful review of the record, we can find no error in this conclusion.

Exercising jurisdiction under 28 U.S.C. § 2253, we therefore DENY Reed's request for a COA and DISMISS his appeal.

## I. Background

Reed pleaded guilty to sexual assault on a child, and on October 29, 1999, was sentenced to ten years' probation, with eight years to be served in ComCor, a community corrections program. On September 24, 2004, his probation was revoked, and Reed was sentenced to an indeterminate sentence of three years to life, to be served in the Colorado Department of Corrections. He did not appeal directly from either his initial conviction in 1999, or from his revocation of probation.

Although he never filed a direct appeal, Reed made several attempts at state post-conviction relief. His first motion, for reconsideration of his sentence pursuant to Colorado Rule of Criminal Procedure 35(b), was filed on October 24, 2000, during his stay in ComCor. The state district court denied this motion on September 27, 2001, and Reed did not appeal. Next, Reed filed another Rule 35(b) motion in state court on January 26, 2005. This second motion was denied on October 3, 2005, and once again Reed did not appeal.

At some point after Reed's transfer from ComCor to prison, he claims to have discovered that a "rape kit" used to collect evidence after the incident contained some potentially exculpatory evidence.[2] Based on this alleged evidence, he filed a "Motion for Preservation and Production of Evidence," on October 19, 2006. The trial court treated this motion as a Rule 35(c) motion, and on April 5, 2007, denied the motion as untimely because it was not filed within the three-year limitations period created by COLO. REV. STAT. § 16-5-402. Reed did not appeal this decision.

On October 12, 2007, Reed filed a fourth state post-conviction relief motion. He titled it a "Motion to Proceed with Crim. P. 35(c) Post Conviction Relief Motion." He claims this was an attempt to amend his third petition by explaining the extraordinary circumstances that prevented him from filing a timely motion—namely, that while he was enrolled in the ComCor program, its regulations prevented him from seeking any type of post-conviction review, other than a Rule 35(b) reconsideration of sentence motion. Nevertheless, the district court also denied this motion as untimely, and after several appeals by Reed, this decision became final on October 13, 2009, when the Colorado Supreme Court denied certiorari review.

---

[2] Reed contends that the "rape kit" contained a red hair, which did not belong to the victim, and could not have belonged to him, since he is an African-American. The government previously asserted that the evidence was merely a red fiber, not a red hair, and therefore had no exculpatory value. No official summary of the contents of the "rape kit" was included in the record.

-3-

Finally, on November 9, 2009, Reed filed a federal habeas corpus petition. The petition raised three claims: (1) a *Brady* violation, arising from the failure to disclose the evidence in the "rape kit"; (2) ineffective assistance of trial counsel; and (3) denial of access to post-conviction relief and legal materials while in the ComCor program. The district court concluded the petition was time-barred according to 28 U.S.C. § 2244(d), and held that Reed had not demonstrated he was entitled to equitable tolling. The district court denied the petition and declined to issue a COA.

Reed timely appealed. He also filed an additional motion, raising the issue of the voluntary nature of his guilty plea—alleging that the trial court did not sufficiently inform him of the rights he would waive by pleading guilty, thereby rendering his guilty plea involuntary and his conviction and sentence illegal.

## II. Analysis

A prisoner may not appeal from the denial of habeas relief without first obtaining a COA. 28 U.S.C. § 2253(c). A COA will not issue unless the prisoner makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When, as here, the denial is based on procedural grounds, the prisoner "must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Prisoners in custody pursuant to a state court judgment have one year in which to file a federal petition for habeas corpus. 28 U.S.C. § 2244(d)(1). The district court concluded the one-year period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Given the facts of this case, the latest possible date on which the one-year period began is November 15, 2004, when the period for seeking direct review of Reed's resentencing expired.[3]

The one-year period ran from this date for 72 days, until Reed filed his Rule 35(b) motion on January 26, 2005. The one-year period was tolled while this proceeding was before the court, and the clock began running again on November 18, 2005, when time expired for Reed to appeal the denial of this motion. The remaining 293 days of the one-year period gave Reed until

---

[3] This statute also provides that the limitations period may begin on "the date on which the *factual* predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D) (emphasis added). Presumably, those of Reed's claims dealing with the alleged evidence from the rape kit could qualify under this clause. Reed *asserts* he did exercise due diligence in seeking to discover this evidence, and that he found the rape kit evidence as soon as possible. This is debatable—the description he made of his efforts excludes verifiable facts and includes several months of inactivity during the two years he claims to have been exercising due diligence. Following Reed's assertions of due diligence, the federal habeas clock would begin to run on October 3, 2006, when he alleges he discovered this evidence. His state post-conviction filings after this point were dismissed as untimely, and therefore had no tolling effect on the one-year period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). His federal habeas petition, filed more than three years after this date, is still untimely.

September 7, 2006 to file. His federal habeas petition, filed on November 9, 2009, was therefore untimely.[4] The same timeliness analysis applies to his motion for de novo review of the voluntariness of his plea, since we construe it as a supplement to his habeas petition.

The Supreme Court has recently held that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. ____ , 130 S. Ct. 2549, 2554 (2010). This decision affirmed that equitable tolling is only appropriate if the prisoner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 2563. Although Reed complains of the difficulty in obtaining evidence,[5] and outlines the efforts he took to obtain the potentially exculpatory

---

[4] His other state post-conviction motions have no effect on this calculation. They were both filed after September 7, 2006, and therefore did not toll the limitations period; and both were rejected as untimely by the state district court, and therefore were not "properly filed" as required by 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

[5] Reed submitted several affidavits describing the alleged ComCor policy of preventing most forms of post-conviction relief. The state district court concluded these allegations, if true, would suffice to show that the State had interfered with Reed's ability to seek post-conviction relief, amounting to justifiable excuse in filing his state post-conviction relief petition after the time-bar. However, the director of ComCor wrote a letter to the court stating that policies restricting access to post-conviction relief did not exist, and the court credited the assertions in this letter. Additionally, even if these facts were true, and indicated that the state of Colorado had interfered in a way that amounted to "extraordinary circumstances," we have given Reed the benefit of the doubt with regard to that time, and have only considered the time that elapsed *after* he left the ComCor program. He has made no allegations of intentional interference for

(continued...)

evidence, we agree with the district court that he did not demonstrate "extraordinary circumstances," nor diligent pursuit of his rights. The record does disclose some steps Reed took to pursue his claims between his transfer to prison and the expiration of his one-year period in September 2006, but these amount to little more than claims that his attorney was not diligent in discovering or forwarding evidence to him. "Habeas counsel's negligence is not generally a basis for equitable tolling because '[t]here is no constitutional right to an attorney in state post-conviction proceedings.'" *Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). Because Reed does not indicate anything more than normal difficulties in obtaining records and evidence, he has not shown that his failure to act during the one-year period was due to circumstances meeting our high standard of extraordinary circumstances. Therefore Reed has not demonstrated that he is entitled to equitable tolling, or that the district court's conclusion on this matter was debatable or wrong.

## III. Conclusion

For the foregoing reasons, we DENY Reed's request for a COA and his motion for de novo review of the voluntariness of his guilty plea, and DISMISS

---

[5](...continued)
this period.

his appeal.  His motion to proceed in forma pauperis is GRANTED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge