**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM WILSON,

       Plaintiff-Appellant,

v.

MITCHELL R. MORRISSEY, in his
official capacity as District Attorney,
Denver County, Colorado; PHILLIP
GEIGLE, in his official capacity as
Deputy District Attorney, Denver
County, Colorado; JOHN RANEY, in
his official capacity as Special Agent,
HUD-OIG, Denver Office; KEVIN
HYLAND, in his official capacity as
Agent, Colorado Bureau of
Investigation,

       Defendants-Appellees.

No. 13-1098
(D.C. No. 1:12-CV-02999-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **ANDERSON** and **TYMKOVICH**, Circuit
Judges.

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

William Wilson, proceeding pro se,[1] appeals the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to Younger v. Harris, 401 U.S. 37 (1971). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I

In September 2009, Wilson filed a § 1983 action against Aurora City and Arapahoe County officials alleging that these officials violated his constitutional rights when they searched his business and home during the course of an investigation, which allegedly began in 2002. The district court dismissed this action after finding several claims were inadequately pled and that the claims adequately pled were time barred because they fell outside the two-year limitations period. We affirmed the dismissal. Wilson v. City of Aurora, 455 F. App'x 792, 793 (10th Cir. 2011). In October 2009, Wilson filed a second § 1983 action against federal investigators and prosecutors, which he ultimately dismissed.

On November 14, 2012, William Wilson filed the present § 1983 action

---

[1] Because Wilson is proceeding pro se, we construe his filings liberally. See Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

alleging that officials in the Denver County District Attorney's Office and various federal officials violated his constitutional rights by repeatedly and maliciously prosecuting him because he is Arab-American. Wilson filed a Motion for Preliminary Injunction asking the district court to issue a temporary restraining order and enjoin the Denver County District Attorney's Office from prosecuting Wilson in an ongoing criminal case.[2] Wilson alleges that federal and state officials conspired against him to "persecute" him because he is Arab-American and in retaliation for filing civil complaints against state and federal officials.

As evidence of the federal and state authorities' persecution, Wilson asserts that federal investigators wrongfully provided information to Colorado state investigators, which resulted in the Denver County District Attorney's Office filing criminal charges against him. In response to these charges, Wilson filed the present suit and argued that an immediate injunction "preventing state officials from proceeding with this prosecution" was necessary because he faced the irreparable injury of defending himself against "multiple and simultaneous bad faith prosecutions." Am. Complaint, 1:12-cv-02999-LTB, Dkt. No. 20, at 18 (Dec. 18, 2012). Wilson also alleges that he will face irreparable injury if he is not returned to federal custody so that he can adequately pursue his federal appeal

---

[2] While the current status of Wilson's criminal case in Denver County was not clear from Wilson's appellate brief or the record, we verified by taking judicial notice of court records that the Denver County prosecution of Wilson is currently ongoing.

from one of his prior convictions.

## II

"We review de novo a district court's decision to abstain based on Younger." Yellowbear v. Wyo. Attorney Gen., 525 F.3d 921, 923 (10th Cir. 2008). Under Younger abstention, federal courts should generally abstain from interfering with ongoing state criminal proceedings out of "respect [for] state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997). If a plaintiff shows that he faces irreparable injury that is great and immediate, however, intervention may be justified. Younger, 401 U.S. at 46.

In practice, abstention is warranted when three conditions are met: (1) there are ongoing state proceedings; (2) the state proceedings offer an adequate forum to hear the plaintiff's federal claims; and (3) the state proceedings implicate important state interests. Taylor v. Jaquez, 126 F.3d 1294, (10th Cir. 1997). A court will not abstain under Younger "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." Perez v. Ledesma, 401 U.S. 82, 91 (1971).

When determining whether an action was taken in bad faith or to harass, we assess:

(1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Commerce of Utah, 240 F.3d 871, 876 (10th Cir. 2001) (quotation omitted). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps, 122 F.3d at 889.

Wilson argues that the three requirements of Younger are not met here. We disagree. His ongoing criminal prosecution provides him with an adequate forum in which to challenge the constitutionality of his prosecution. Despite his protestations to the contrary, Wilson has not shown how the state forum is inadequate. See, e.g., Aplt. Br. at 27; see Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Additionally, we have long recognized that the prosecution of crimes occurring within its jurisdiction is an important state interest. Accordingly, the three requirements of Younger are met here.

Wilson also asserts that even if the three Younger requirements are met,

5

abstention is nevertheless unwarranted because the ongoing state prosecution was commenced in bad faith or to harass him. Wilson also argues that he faces extraordinary circumstances that justify intervention with the ongoing state criminal proceedings. See Aplt. Br. at 34-35. We agree with the district court that Wilson has failed to show that an exception to Younger is presently applicable. See Amanatullah v. Colo. Bd. of Med. Exam'rs, 187 F.3d 1160, 1163 (10th Cir. 1999) ("Younger abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.").

First, Wilson has not established that the prosecutions were commenced in bad faith or to harass him. Wilson has not shown that a reasonable prosecutor faced with similar circumstances would not have brought prior charges against him in 2008 and 2010. Wilson offers nothing beyond his own assertions that these prosecutions were somehow wrongful. Nor has Wilson done more than make "mere allegations" that these prosecutions were brought on the basis of Wilson's race. Wilson claims that he could have established bad faith and harassment had the district court granted him leave to amend his complaint, but the additional points he raises in his appellate brief fail to do more than restate his conclusory assertions presented to the district court. Aplt. Br. at 39-40.

Nor has Wilson shown that he faces "extraordinary circumstances" that justify intervention. Younger, 401 U.S. at 53-54. Wilson asserts that the state statute he is currently charged with violating—Colorado Organized Crime Control

6

Act ("COCCA"), Colo. Rev. Stat. § 18-17-104—is unconstitutional, but Wilson's argument is unavailing in light of the narrow application of the <u>Younger</u> exceptions. Aplt. Br. at 45-46. Wilson argues the COCCA is unconstitutional because it fails to adequately define "enterprise"[3] and is generally vague. This assertion does not amount to an allegation that the COCCA is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." <u>Younger</u>, 401 U.S. at 53-54 (quotation omitted). Accordingly, the statute here is not so flagrantly and patently unconstitutional to render <u>Younger</u> abstention unwarranted. <u>See Kugler v. Helfant</u>, 421 U.S. 117, 124 (1975).

Nor are we persuaded by Wilson's argument that he faces irreparable injury because the ongoing state criminal prosecution is "interfering with his efforts to pursue an appeal in his federal criminal case." Aplt. Br. at 24. We agree with the district court's conclusion that Wilson's allegation of irreparable injury stemming from the nature of his present custody does not amount to "one of the extraordinary circumstances where irreparable injury can be shown" warranting an injunction of the state criminal proceedings. <u>Weitzel</u>, 240 F.3d at 876; <u>see</u>

---

[3] "Enterprise" is defined as "any individual, sole proprietorship, partnership, corporation, trust, or other legal entity or any chartered union, association, or group of individuals, associated in fact although not a legal entity." Colo. Rev. Stat. § 18-17-103(2).

Kugler v. Helfant, 421 U.S. 117, 125 (1975) ("[S]uch circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation."). Wilson has not met his heavy burden of overcoming Younger, and none of the "narrow exceptions" to Younger apply here. Huffman v. Pursue, Ltd., 420 U.S. 592, 611-612 (1975). In fact, we conclude this matter is one where the "Younger doctrine is particularly applicable" because the "pending state proceeding may rectify the constitutional violations." Weitzel, 240 F.3d at 876.

### III

We affirm the district court's dismissal of this action. We deny Wilson's Motion to Expedite Resolution of this Appeal as moot. We also deny his request to proceed IFP and order immediate payment of the unpaid balance of the filing fee.

Entered for the Court

Mary Beck Briscoe
Chief Judge