**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 24, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM I. WILSON,

    Defendant - Appellant.

No. 15-1055
(D.C. Nos. 1:14-CV-03104-KHV &
1:08-CR-00263-KHV-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

William Wilson, a federal prisoner proceeding pro se, appeals from a district court

order denying as untimely his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his

prison sentence.  Exercising jurisdiction under §§ 1291,  2253, we affirm.

**I**

On trial by a jury in 2010, Wilson was convicted on multiple counts of bank fraud,

aggravated identity theft, fraudulent use of a Social Security number, and fraud in

connection with an access device.  He was sentenced to 120 months' imprisonment and

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

incarcerated in the federal correctional institution ("FCI") in Englewood, Colorado. In November 2012, he was transferred to the Denver County Jail to stand trial on state criminal charges.

This court affirmed Wilson's federal convictions and sentence, United States v. Wilson, 503 F. App'x 598 (10th Cir. 2012) (unpublished), and the U.S. Supreme Court later denied certiorari on October 7, 2013, Wilson v. United States, 134 S. Ct. 335 (2013).

On April 8, 2014, the state criminal prosecution concluded and Wilson was returned to FCI Englewood. Seven months later, on November 18, 2014, Wilson filed his § 2255 motion, raising twelve claims. The district court ordered Wilson to show cause why the motion should not be dismissed as time barred, given that it was filed over a year after his convictions became final on October 7, 2013. See 28 U.S.C. § 2255(f)(1) (prescribing a one-year limitations period from the date on which the conviction becomes final); United States v. Prows, 448 F.3d 1223, 1227 (10th Cir. 2006) ("In the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires."). Wilson responded, arguing he was entitled to equitable tolling on the ground that he was denied access to his legal files.

The district court rejected Wilson's request to equitably toll the limitations period, and dismissed Wilson's motion as untimely. This court initially denied Wilson's request for a certificate of appealability (COA), United States v. Wilson, 2015 WL 3499937 (10th Cir. June 4, 2015), but then sua sponte withdrew that decision, United States v.

Wilson, 2015 WL 4429339 (10th Cir. July 17, 2015), and issued a COA on the tolling issue.

## II

"Equitable tolling of the limitations period is available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008). Wilson argues that his lack of access to his legal files while in state custody constitutes an extraordinary circumstance and that he diligently sought to regain access to his federal case files in order to prepare his § 2255 motion.

This court has held "that a complete confiscation of [an inmate's] legal materials just weeks before his filing deadline would constitute extraordinary circumstances for the purposes of equitable tolling." Gabaldon, 522 F.3d at 1126. But even if we were to extend Gabaldon to conclude that Wilson's lack of access to his files for the first six months of the limitations period (from October 2013 to April 2014) qualifies as an extraordinary circumstance, he did not diligently pursue his claims after he was able to access his files.

We acknowledge that while in state custody, Wilson sought access to his federal case files. In a 42 U.S.C. § 1983 lawsuit, Wilson sought to enjoin his state prosecution so he could focus on overturning his federal convictions. Among numerous other things, he alleged that without his federal records, it would be impossible to file any

meaningful § 2255 motion.  And after the district court dismissed the § 1983 case,[1] Wilson repeated the allegation in a motion to extend the time to file a § 2255 motion, stating that without his files, it would be impossible to prepare and present any meaningful § 2255 motion.

But Wilson was returned to federal custody and to his files on April 8, 2014 with six months remaining in the § 2255 limitations period.  He identifies nothing to indicate he diligently sought to prepare his § 2255 motion during that remaining time.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (an inmate must "specif[y] . . . the steps he took to diligently pursue his federal claims.").

Instead, Wilson stresses that he was prosecuting a federal and a state case simultaneously.  He does not, however, identify anything that occurred in his state criminal case during the six months remaining in the federal limitations period after he was returned to FCI Englewood.  And while he contends that his § 2255 motion required extensive review of his federal case file and extensive legal research to ensure  non-frivolous claims, such an assertion could apply to every § 2255 motion.

Pro se inmates must diligently pursue their federal habeas claims despite impediments like "insufficient access to relevant law," Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000), and "ignorance of the law," Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  That Wilson had access to his federal legal materials for only one-half of the limitations period is not, by itself, sufficient to obtain equitable tolling.  See

---

[1] This court affirmed.  Wilson v. Morrissey, 527 F. App'x 742 (10th Cir. 2013) (unpublished), cert. denied, 134 S. Ct. 263 (2013), reh'g denied, 134 S. Ct. 991 (2014).

Coppage v. McKune, 534 F.3d 1279, 1281-82 (10th Cir. 2008) (affirming denial of equitable tolling where inmate was not promptly notified that the limitations clock had restarted because he nevertheless received notification "50 days before the limitations period expired.").

Finally, Wilson claims he is actually innocent on counts 18, 21, and 26 of the superseding indictment, involving fraud in connection with an access device, fraudulent use of a social security number, and aggravated identity theft. Equitable tolling is appropriate "when a prisoner is actually innocent." Gabaldon, 522 F.3d at 1124. Wilson must show that "it is more likely than not that no reasonable juror would have convicted" him given new evidence. McQuiggin v. Perkins, 133 S. Ct. 1924, 1933 (2013).

Wilson states there are bank records that would refute the testimony of a bank employee concerning his attempts to fraudulently obtain a credit card. But Wilson was aware of this evidence before trial, and therefore, it is not new and does not implicate the actual-innocence exception to the statute of limitations. See Schlup v. Delo, 513 U.S. 298, 327-28 (1995) (observing that actual innocence claims focus on new evidence— "relevant evidence that was either excluded or unavailable at trial."). Moreover, Wilson does not clearly explain how this evidence establishes his innocence, and this court has previously characterized "the evidence supporting his guilt . . . [ ]as overwhelming." Wilson, 503 F. App'x at 609.

**III**

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge