**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ESTEBAN MAGALLON-
MALDONADO,

      Defendant - Appellant.

No. 16-3368
(D.C. Nos. 2:09-CR-20119-JWL and
2:16-CV-02541-JWL)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, Chief Judge, **McKAY**, and **McHUGH**, Circuit Judges.

Esteban Magallon-Maldonado[1] filed a 28 U.S.C. § 2255 motion more than

one year after his conviction became final. He acknowledges that the statutory

limitations period had run but asserts he is entitled to equitable tolling. The

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Prior filings and opinions had consistently listed the appellant's surname as "Magallon-Maldanado." *See, e.g.*, *United States v. Magallon-Maldanado*, 598 F. App'x 586 (10th Cir. 2015). But we use the spelling from the *pro se* opening brief.

district court disagreed and dismissed his motion as untimely. Mr. Magallon-Maldonado now seeks a certificate of appealability (COA) from this court. Because reasonable jurists would not find the district court's procedural ruling debatable, we deny his request. *See, e.g.*, *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008).

Mr. Magallon-Maldonado does not dispute that he failed to meet the statutory deadline. *See* 28 U.S.C. § 2255(f)(1) (requiring motions to be filed within one year of "the date on which the judgment of conviction becomes final"). Instead, he asserts equitable tolling. But like the district court before us, we find no basis to apply that doctrine. Equitable tolling is appropriate only if the prisoner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010). For example, we once granted equitable tolling when prison officials effected "a complete confiscation of [the inmate's] legal materials just before his filing deadline" despite his "multiple requests" for their return. *United States v. Gabaldon*, 522 F.3d 1121, 1125–27 (10th Cir. 2008).

After reviewing the record, we find no extraordinary circumstance here. Mr. Magallon-Maldonado claims that delayed and incorrect advice from his prison counselor and case manager prevented him from obtaining the necessary documents to prepare his motion. In particular, he says no one advised him to contact the clerk of the district court for documents until his new case manager

did so after the limitations period had already run.  We think these allegations show no more than the "normal difficulties in obtaining records and evidence," which do not meet the "high standard of extraordinary circumstances."  *Reed v. Timme*, 389 F. App'x 850, 853 (10th Cir. 2010); *see also United States v. Wilson*, 631 F. App'x 623, 625 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 2532 (2016).  And we do not see how unhelpful advice from a case manager can constitute an extraordinary circumstance when even negligence by an inmate's habeas *counsel* does not, *see Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007).  Finally, the fact that Mr. Magallon-Maldonado could have asked the clerk of the district court to send the documents he needed (as indeed he did successfully after the limitations period had expired) fatally undermines his claim of an extraordinary circumstance standing in his way.

For these reasons, we DENY the request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge

- 3 -