**Kimberly G. McLAUGHLIN, Plaintiff–Appellant,**

v.

**James COTNER, Defendant–Appellee.**

**No. 98–3231.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 27, 1999.

Decided Sept. 30, 1999.

Robert S. Catz (argued and briefed), Nashville, TN, for Plaintiff–Appellant.

Bernadette Marshall (argued), Margaret E. Stanard (briefed), Sonia R. Angley, Reid, Berry & Stanard, Cleveland, OH, for Defendant–Appellee.

Before: KEITH, CONTIE, and NORRIS, Circuit Judges.

## OPINION

CONTIE, Circuit Judge.

Plaintiff-appellant, Kimberly G. McLaughlin, appeals the district court's *sua sponte* dismissal of her complaint against her former husband, James F. Cotner, defendant-appellee, for lack of subject matter jurisdiction. For the following reasons, we affirm.

### I.

On July 14, 1997, plaintiff, Kimberly McLaughlin, proceeding *pro se*, filed a complaint in the United States District Court for the Northern District of Ohio against her former husband, James Cotner, defendant, alleging breach of an agreement for the sale of real estate. Jurisdiction was predicated upon diversity pursuant to 28 U.S.C. § 1332.

On October 22, 1993, plaintiff and defendant, formerly wife and husband, entered into an agreement to sell residential real estate held by them in joint tenancy. This action was part of a separation agreement. Article 2 of the separation agreement provided as follows:

The real estate shall be sold as soon as possible. The real estate shall immediately be placed on the active real estate market for sale, and shall remain there continuously until it is sold. The real estate shall be initially listed for One Hundred Forty Nine Thousand Dollars ($149,000.00). The price at which to sell shall be decided by mutual agreement of the parties and if the parties cannot agree, by court order.

The separation agreement was incorporated into a divorce decree issued in 1993.

On or about January 27, 1997, plaintiff filed a motion to show cause in state court to hold defendant in contempt of court for failure to sell the marital home. A hearing was held on this matter before a judge of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations. Based upon the evidence adduced at the hearing, which was held on or about October 9, 1997, the state trial court denied plaintiff's motion to show cause and found that defendant had substantially complied with the court's 1994 order to sell the marital home. The court determined that plaintiff's refusal to lower the asking price caused the home not to be sold. It ordered plaintiff to select a realtor agreeable to defendant and to have the home placed on the market again at an agreed upon price. On or about February 23, 1998, plaintiff filed a notice of appeal in regard to this ruling in the Court of Appeals of Ohio, Eighth Appellate District.

While the motion to show cause was pending in state court, on July 14, 1997, plaintiff filed a complaint against her former husband, defendant Cotner, in the United States District Court for the Northern District of Ohio, alleging breach of the agreement for sale of the real estate. Plaintiff predicated federal jurisdiction on diversity under 28 U.S.C. § 1332. On November 21, 1997, the district court became aware that matters involving the parties' divorce action, including the sale of the marital real estate at issue in the federal action, were pending before the state court judge in the Cuyahoga County Court of Common Pleas, Division of Domestic Relations. On or about February 9, 1998, the district court dismissed plaintiff's federal action *sua sponte* for lack of federal subject matter jurisdiction. The

district court held that diversity jurisdiction does not exist for domestic relations cases involving divorce, alimony, and child custody matters.

Plaintiff filed a timely notice of appeal on March 13, 1998.

## II.

We must first decide whether the district court properly dismissed this action *sua sponte.* Plaintiff contends that the district court erred in issuing a *sua sponte* order of dismissal without giving her prior notice, relying on *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir.1993) in support of her argument.

Plaintiff's argument has no merit. In *Tingler,* this court indicated that its holding requiring prior notice was limited and applied only to *sua sponte* dismissals *on the merits.* The court specifically stated:

> Though the parties briefed and argued several issues before this court, we only address the plaintiff's claim that the district court's *sua sponte* dismissal of his complaint was improper. We first note that since the district court dismissed this action on the merits, we have no occasion to consider the propriety of *sua sponte* dismissals of *in forma pauperis* claims as frivolous under the 28 U.S.C. § 1915(d). Nor do we address the propriety of *sua sponte* dismissals for failure to prosecute, *or sua sponte dismissals in cases where the district court clearly lacks jurisdiction.* Rather, the narrow issue which we address involves *sua sponte* dismissals on the merits, prior to service of the complaint and without notice of the proposed dismissal to the plaintiff to allow him to respond.

*Id.* at 1110–11 (emphasis added) (citations omitted). The court in *Tingler* explicitly indicated that it was not considering the propriety of a prior notice rule if the district court clearly lacks jurisdiction. *See also Apple v. Glenn,* 183 F.3d 477, 480 (6th Cir.1999) (*Tingler's* requirement that a plaintiff be given the opportunity to amend does not apply to *sua sponte* dismissals for lack of jurisdiction). Because the present case is a case in which the district court clearly lacks jurisdiction, the *Tingler* rule of prior notice does not apply. Thus, in the present case, the district court's *sua sponte* dismissal is not rendered invalid because the court failed to provide plaintiff with an opportunity to respond to the district court's order. The *sua sponte* dismissal is affirmed.

## III.

We must next decide whether the district court properly invoked the "domestic relations exception" to federal jurisdiction based on diversity.

The district court stated the following in this regard:

> Plaintiff alleges that jurisdiction is predicat[ed] upon diversity. The Court disagrees. The United States Supreme Court has recognized that diversity jurisdiction does not exist for domestic relations cases involving divorce, alimony, and child custody matters. *Ankenbrandt v. Richards,* 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). *See also McCarty v. McCarty,* 453 U.S. 210, 220, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) (finding that domestic relations matters are the province of state law). The Supreme Court specified that federal courts have no jurisdiction over actions involving divorce because this area has been traditionally left to state courts and is an area in which state courts have developed expertise. *Ankenbrandt, supra.* The Court explained that divorce matters "not infrequently involve retention of jurisdiction by the court" and that state courts are in a better position to handle such matters.
>
> Additionally, the Supreme Court has found that the federal government has no power to regulate any aspect of domestic relations law. *Popovici v. Agler,* 280 U.S. 379, 383, 50 S.Ct. 154, 74 L.Ed. 489 (1930). Only state courts have jurisdiction over domestic relations matters,

and their jurisdiction is statutory in nature. *Yuk Shau Mui v. Wing*, No. 86–3673, 1987 WL 38041, at *4 (Jul. 10, 1987).

We agree with the district court's analysis. Plaintiff argues that in *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992), the Supreme Court held that the "domestic relations exception" did not apply in that case, because the plaintiff was not seeking a divorce, alimony or child custody decree, but rather the lawsuit alleged that the defendant committed torts against the plaintiff's children. Plaintiff McLaughlin argues that in the present case, in a similar manner, she is not suing for divorce, but is merely suing for breach of contract damages and tortious interference with a contract in regard to residential property under substantive Ohio tort and contract law, and the "domestic relations exception" does not apply.

We disagree and find that *Ankenbrandt* is easily distinguished from the present case. In *Ankenbrandt*, the Supreme Court clarified a prior holding in *Barber v. Barber*, 62 U.S. (21 How.) 582, 16 L.Ed. 226 (1858), stating that the federal courts have no jurisdiction over suits for divorce or the allowance of alimony. The court in *Ankenbrandt* held that the "domestic relations exception" articulated in *Barber* divests the federal courts of power to issue divorce, alimony and child custody decrees. 504 U.S. at 702, 112 S.Ct. 2206. The court in *Ankenbrandt* found, however, that in the case before it, the petitioner had brought suit on behalf of her daughters in the federal district court, alleging federal jurisdiction based on diversity, pursuant to 28 U.S.C. § 1332, and was seeking monetary damages for alleged torts committed against the girls by their father and his female companion, the defendants in the action. *Id.* at 704, 112 S.Ct. 2206. The Supreme Court found that the suit did not involve the issuance of a divorce, alimony, or child custody decree, and therefore the

"domestic relations exception" did not apply. *Id.*

We believe that the present case does not involve the type of tort that was present in the *Ankenbrandt* case. Plaintiff is attempting to disguise the true nature of the action by claiming that she is merely making a claim for damages based on a breach of contract. However, the alleged "contract" is part of a separation agreement that was voluntarily entered into by the parties, and the separation agreement was incorporated into the divorce decree. This case thus involves issues arising out of conflict over a divorce decree, and, according to *Ankenbrandt*, comes within the "domestic relations exception." Moreover, when plaintiff filed suit in federal district court, the same issue of whether Mr. Cotner had substantially complied with the separation agreement in regard to marital property was being addressed in state court. Plaintiff has, thus, now filed two appeals based on the same issue regarding the sale of the marital home, one in state appellate court and the present one in the Sixth Circuit Court of Appeals.

We believe the "domestic relations exception" applies, and the state court is the correct court for deciding this issue for the following reasons. As the Supreme Court in *Ankenbrandt* stated:

> As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

*Id.* As the Supreme Court of Ohio has stated, "the terms of a contract between

the parties in a domestic relations action are raised to the status of being a part of the court's judgment when made part of the decree. . . ." *Harris v. Harris,* 58 Ohio St.2d 303, 307, 390 N.E.2d 789 (1979), citing *Holloway v. Holloway,* 130 Ohio St. 214, 198 N.E. 579 (1935). In the present case, the separation agreement containing the clause in regard to the sale of marital property was incorporated into the divorce decree, and consequently, the obligations now imposed are not those imposed by the law of contract or torts, as plaintiff contends, but are those imposed by the divorce decree.[1] Therefore, the federal court lacks jurisdiction, as this case is not a tort or contract suit that merely has domestic relations overtones, but is one seeking a declaration of rights and obligations arising from marital status.

The present case is very similar to *Allen v. Allen,* 518 F.Supp. 1234 (E.D.Pa. 1981). In *Allen,* the parties to the action were separated and involved in a contested divorce proceeding in Bucks County, Pennsylvania. The action in federal court concerned certain marital property of the parties, much of which was also the subject of several actions pending in the Court of Common Pleas in Bucks County. The state action alleged that the wife had breached a post-nuptial property settlement (separation) agreement by refusing to pay four existing mortgages and by refusing to pay an additional $10,000 sum, both of which debts she had allegedly agreed to assume by terms of the post-nuptial agreement. The wife removed the action to federal court, alleging that the husband had fraudulently obtained her signature through a series of misrepresentations and abused the fiduciary relationship assumed by acting as her attorney.

The court found that the "domestic relations exception" applied, stating:

> The agreement . . . was entered into in order to determine the rights and obligations to marital property upon separation. The construction and validity of that agreement are also relevant to certain of the Bucks County actions, and certain of the property overlaps. While Christa [the wife] resists enforcement of the agreement on grounds of fraud and breach of fiduciary duty, and contends that this is a straightforward contract action with no domestic overtones, that position is somewhat disingenuous. While it is true that the actions as pled sound in contract and in fraud, it is nonetheless plain that those actions must be interpreted against the background of extreme acrimony emanating from the parties' marital dispute and extreme infighting over their property rights.

*Id.* at 1237 (footnote omitted). The court in *Allen* found that the dominant theme was a dispute over the ownership of marital property and that the parties were attempting to play one court against another, which is exactly the type of case where federal courts do not have jurisdiction. We believe a similar rationale applies in the present case. This action involves the sale of marital property, which was part of a separation agreement that was incorporated in the divorce decree, and an action concerning the same property was pending in state court when plaintiff filed suit in federal court. Plaintiff's argument that the present case is a straightforward breach of contract case and that an action for damages lies under Ohio law is disingenuous, as the separation agreement was entered into in order to

---

1. We note that on June 17, 1999, the Court of Appeals of Ohio, Eighth Appellate District, issued a decision in the state action, affirming the state trial court's denial of plaintiff's motion to hold defendant in contempt of court for failure to sell the marital home. *McLaughlin v. Cotner,* 1999 WL 401585 (Ohio App. June 17, 1999). The court reasoned that

"[a] decree which incorporates an agreement is a decree of court nevertheless, and as soon as incorporated into the decree, the separation agreement is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforceable as such." at *6.

determine the rights and obligations concerning marital property upon separation and divorce. The separation agreement became part of the divorce decree, and as such, this is a clear case for the application of the "domestic relations exception."

Another case which explains the "domestic relations exception" is *Solomon v. Solomon*, 516 F.2d 1018 (3rd Cir.1975). In *Solomon*, the plaintiff contended that the defendant violated the separation agreement by his failure to pay support. The court found that the "domestic relations exception" clearly applied because at the core of the parties' contention was the parent-child relationship. *Id.* at 1024. The court stated, "Traditionally, federal courts have evinced great reluctance to entertain cases involving domestic relations." *Id.* at 1021.

The "domestic relations exception" was also applied in *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212 (6th Cir.1981), in which this court held that the federal court did not have jurisdiction over the action, which was based upon the failure of a former husband to meet his obligations under a divorce decree. The court found that the action was based primarily upon the alleged unfulfilled support obligations of the husband, which was part of the divorce settlement. *Id.* at 1217. In *Firestone*, the court reasoned that although a domestic relations case may meet the technical requirements for diversity jurisdiction if the parties reside in different states, federal courts have traditionally refrained from exercising jurisdiction over cases which, in essence, are domestic relations disputes. *Id.* at 1215. *See also Catz v. Chalker*, 142 F.3d 279, 291 (6th Cir.1998) ("Traditionally, marriage, divorce, child custody, support payments, and division of marital assets are uniquely state matters which involve distinct issues of state law"); *Gray v. Richardson*, 474 F.2d 1370, 1373 (6th Cir.1973) (states, not federal government, have been considered "exclusive arbiter" of a situation falling in general category of domestic relations); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir.1973) (where substance of suit is a family custody battle, federal court has no jurisdiction). The rationale in support of a federal court's abstention from exercising jurisdiction in domestic relations cases was also articulated in *Buechold v. Ortiz*, 401 F.2d 371, 373 (9th Cir.1968). The court stated that the field of domestic relations involves local problems "particularly suited to state regulation and control, and particularly unsuited to control by federal courts."

## IV.

To conclude, as the Supreme Court stated in *Ankenbrandt* in regard to federal jurisdiction, "we have no trouble today reaffirming the validity of the [domestic relations] exception as it pertains to divorce and alimony decrees and child custody orders." 504 U.S. at 703, 112 S.Ct. 2206. In the present case, the agreement to sell residential real estate was part of a separation agreement which was incorporated into a divorce decree. The district court thus did not err in invoking the "domestic relations exception" in dismissing the case for lack of federal subject matter jurisdiction. Because the district court clearly lacked jurisdiction, the court's *sua sponte* dismissal without prior notice to plaintiff did not violate the *Tingler* rule. 716 F.2d at 1111. The district court is hereby **AFFIRMED.**