**Dale J. BELOCK, Plaintiff–Appellant,**

**v.**

**Forrest W. BURT, et al., Defendants–Appellees.**

**No. 01–3236.**

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2001.

Before SILER and CLAY, Circuit Judges; GRAHAM, District Judge.*

Dale J. Belock, an Ohio resident proceeding pro se, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, injunctive, and declaratory relief in a fee-paid complaint, Belock sued Geauga County Court of Common Pleas Judge Forrest A. Burt, Geauga County Court of Common Pleas Judge Hans Veit, Geauga County Prosecutor David P. Joyce, Geauga County Assistant Prosecuting Attorney Jonathon Evans, Di-

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

rector of Geauga County Child Support Enforcement Agency ("GCSEA") Tim Taylor, Geauga County Magistrate Judge Thomas J. Mullen, GCSEA representative Paul A. Reiman, and Belock's former wife Paula Scully. Belock alleged that the defendants violated his rights under the First and Fourteenth Amendments by finding him in arrears in his child and spouse support payments. The district court dismissed the case sua sponte. The court concluded that, under the *Rooker–Feldman* doctrine, it lacked jurisdiction to review the support orders of the Geauga County Common Pleas Court. Belock filed a motion for reconsideration. The district court denied the motion, reiterating that the *Rooker–Feldman* doctrine barred Belock's claim. The court also held that the defendants were immune or otherwise not amenable to suit under 42 U.S.C. § 1983. Belock timely appealed that order.

On appeal, Belock argues that: (1) his complaint stated a claim upon which relief could be granted under 42 U.S.C. § 1983; (2) Judges Burt and Veit were not entitled to immunity because they acted in the complete absence of jurisdiction; and (3) the *Rooker–Feldman* doctrine did not apply because he was collaterally attacking the support case.

Sua sponte dismissal is proper in a case in which the district court clearly lacks jurisdiction. *McLaughlin v. Cotner,* 193 F.3d 410, 412–13 (6th Cir.1999), *cert. denied,* 529 U.S. 1008, 120 S.Ct. 1278, 146 L.Ed.2d 226 (2000). This court's review of a district court's decision to dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1) is two-fold. It reviews the trial court's resolution of factual disputes for clear error, and its application of the law to the facts de novo. *See RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir.1996).

Upon review, we agree with the district court that it lacked jurisdiction over Belock's case. The *Rooker–Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Federal courts have no jurisdiction over challenges to state court decisions, even if the challenges allege that the state court acted unconstitutionally. *Feldman,* 460 U.S. at 486. *Rooker–Feldman* does not bar collateral attack of a state court judgment alleged to have been procured through fraud, deception, accident or mistake. *Catz v. Chalker,* 142 F.3d 279, 294 (6th Cir.1998).

Belock's federal suit is inextricably intertwined with the claims in the state court proceedings, and it is a specific grievance alleging that the law was applied invalidly. *See id.* at 293. Belock claimed that it was improper under Ohio law for him to have been required to pay support for his children after they reached age eighteen, and that the state trial court had not taken into account payments he made directly to or for the benefit of his former wife. He has been contesting these issues in state court more or less continuously since his divorce in 1990. *See Belock v. Belock,* No. 97–G–2045, 1997 WL 664407 (Ohio Ct.App. Sept. 19, 1997); *Belock v. Belock,* No. 92–G–1748, 1994 WL 102401 (Ohio Ct.App. Mar. 25, 1994). In his federal complaint, Belock requested that the district court vacate the support orders, direct the defendants to stop violating his constitutional rights, and award him $6 million in compensatory and punitive damages. Thus, his federal claim can only succeed to the extent that the state court wrongly decided the issues of support and arrearage. Moreover, Belock

had and may still have opportunities to raise his constitutional theories in state court proceedings. *See Valenti v. Mitchell,* 962 F.2d 288, 296 (3d Cir.1992). Although he invokes the fraud, deception, accident or mistake language of *Catz,* 142 F.3d at 294, the gist of Belock's federal complaint is that he is unhappy with the results of the state court proceedings. Federal courts lack jurisdiction over such a case.

Because the district court properly decided that it lacked jurisdiction over Belock's complaint, we need not reach Belock's remaining arguments on appeal. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.