**David HUGHES, Individually and as the next friend of Sarah Hughes, a minor, and Harriett Hughes, a minor, Plaintiff–Appellant,**

v.

**Jackie HAMANN, et al., Defendants–Appellees.**

No. 00–4132.

United States Court of Appeals, Sixth Circuit.

Oct. 25, 2001.

Before BOYCE F. MARTIN, JR., Chief Judge; DAUGHTREY, and MOORE, Circuit Judges.

### ORDER

David Hughes appeals through counsel a district court order dismissing his civil rights action for failure to state a claim, pursuant to 28 U.S.C. § 1915(e). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Hughes filed a complaint pro se and in forma pauperis against a caseworker, investigator, juvenile court judge, and guardian ad litem of the Sandusky County, Ohio Juvenile Court, purportedly on behalf of himself and his two daughters. He

alleged that he had been granted custody of his daughters in 1995 by a New York court, that they had moved to Ohio in 1999 because his ex-wife had threatened their lives, and that she had subsequently obtained a warrant for his arrest. In February, 2000, Hughes was arrested in Sandusky County on the basis of that warrant and released on bail the next day. His daughters were placed in the temporary custody of the Department of Human Services. Although Hughes had succeeded in having the charges against him dismissed by June 1, 2000, his daughters remained in foster care. Hughes sought a declaration that his constitutional rights had been violated, an injunction requiring the defendants to cease the alleged violation of his rights, and monetary damages.

The district court dismissed the complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e), on the basis of lack of jurisdiction and abstention. On appeal, Hughes argues through counsel that this court's decision in *Holloway v. Brush*, 220 F.3d 767 (6th Cir.2000) (en banc) requires that the district court's order be vacated and the matter remanded for further proceedings. Defendants argue for affirmance of the district court's order for the reasons stated by it, as well as on grounds of immunity.

Upon review, we conclude that the dismissal of this complaint for failure to state a claim must be affirmed, as Hughes could prove no facts which would entitle him to the relief requested. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

■ Federal courts lack jurisdiction to issue child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). An exception to federal court jurisdiction is generally recognized for cases in which the parties are seeking a declaration of their rights in the domestic relations context. *McLaugh-*

*lin v. Cotner*, 193 F.3d 410, 413–14 (6th Cir.1999), *cert. denied*, 529 U.S. 1008, 120 S.Ct. 1278, 146 L.Ed.2d 226 (2000). In this case, Hughes sought exactly this sort of relief, and the district court therefore properly concluded that it lacked jurisdiction. Contrary to counsel's argument, the decision in *Holloway* does not require a different result, as that case is distinguishable. The plaintiff in *Holloway* sought monetary relief for an action taken by a social worker during child custody proceedings that was allegedly outside of her normal job functions. In this case, Hughes is seeking a declaration that his rights have been violated by the defendants' temporary determination to relieve him of custody of his children. Unlike the plaintiff in *Holloway*, Hughes in this case asked the district court to make a decision on the merits of the custody issue of his children's best interests. The district court correctly determined that it could not grant Hughes the relief he requested.

■ Furthermore, the district court also was correct that abstention would be required because state proceedings were ongoing, important state interests were involved, and the claims raised in the complaint could be addressed by the state courts. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Because the state had not made a final determination on the custody issue, and Hughes was requesting the federal courts to determine the status of the children's custody, abstention was proper. *See Ankenbrandt*, 504 U.S. at 706, 112 S.Ct. 2206.

Accordingly, the order of the district court dismissing this complaint is affirmed.