**Janet C. PONDER, Plaintiff–Appellant,**

v.

**Mary ALLISON, Defendant–Appellee.**

No. 03–5150.

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2003.

Before: DAUGHTREY and MOORE, Circuit Judges; and CALDWELL, District Judge.*

*ORDER*

Janet C. Ponder, a Tennessee citizen, appeals pro se a district court order dismissing an action purportedly filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ponder filed this complaint, styled as a writ of habeas corpus, seeking to have the custody of her twin daughters returned to her from defendant. Defendant moved to dismiss, and attached state court orders indicating that custody of the children was currently awarded to defendant. The district court granted the motion to dismiss for lack of jurisdiction, and this appeal followed.

---

* The Honorable Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Federal courts lack jurisdiction to declare rights in the domestic relations context. *McLaughlin v. Cotner,* 193 F.3d 410, 413–14 (6th Cir.1999). The district court properly concluded that it lacked jurisdiction to alter the child custody decree entered by a state court. *Ankenbrandt v. Richards,* 504 U.S. 689, 702–03, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). Particularly in this case, where it appears that no final determination regarding custody has been made, the district court was correct to abstain from exercising jurisdiction over Ponder's claim. *Id.* at 705, 112 S.Ct. 2206.

Accordingly, the district court's order dismissing this complaint for lack of jurisdiction is affirmed. Rule 34(j)(2)(C). Rules of the Sixth Circuit.