**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BRET DAVID LANDRITH,

Plaintiff-Appellant,

v.

STANTON A. HAZLETT; G. JOSEPH
PIERRON, JR.; HENRY W. GREEN;
LEE A. JOHNSON; MARLA J.
LUCKERT; RICHARD D.
ANDERSON; FRANK D. DIEHL;
JONATHAN M. PARETSKY;
SHERRI PRICE; BRENDAN LONG,

Defendants-Appellees.

No. 04-3364
(D.C. No. 04-CV-2215-DVB)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **EBEL**, and **MURPHY**, Circuit Judges.

Bret David Landrith, proceeding pro se, appeals the district court's

dismissal of his 42 U.S.C. § 1983 action, in which he sought to enjoin the

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

prosecution of attorney disciplinary proceedings against him while certain client matters were pending. We note that on December 9, 2005, the Kansas Supreme Court disbarred Mr. Landrith. *See In re Landrith*, 124 P.3d 467, 486 (Kan. 2005). Because there is no longer a live controversy whether Mr. Landrith should be disciplined and the timing of that discipline, his claims for injunctive relief are moot. *See Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005); *GF Gaming Corp. v. City of Black Hawk*, 405 F.3d 876, 882 (10th Cir. 2005). We do not have jurisdiction to adjudicate moot claims. *Disability Law Ctr.*, 428 F.3d at 996.

But we also note that in addition to seeking injunctive relief, Mr. Landrith requested an award of costs under 42 U.S.C. § 1988(b). To the extent that such an award might still be possible, this appeal is not moot in its entirety. *See Church of Scientology v. United States*, 506 U.S. 9, 12-13 (1992) (holding that where some form of relief is possible, an appeal is not moot). We conclude that Mr. Landrith is not entitled to any award, however, because the district court properly dismissed his federal complaint under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Under this doctrine, "federal courts should not interfere with state court proceedings by granting equitable relief–such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings–when a state forum provides an

adequate avenue for relief." *Weitzel v. Div. of Occupational & Prof'l Licensing,* 240 F.3d 871, 875 (10th Cir. 2001) (quotation omitted).

A district court must abstain under *Younger* when pending state proceedings that involve important state interests provide an adequate forum for a plaintiff's federal claims. *Id.* As in *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 431-37 (1982), in which the Supreme Court extended the *Younger* doctrine to state bar disciplinary proceedings, the *Younger* conditions were met in this case. At the time of the district court's ruling, state disciplinary proceedings were pending. There is no indication that such proceedings did not provide an adequate forum for Mr. Landrith's federal claims; to the contrary, he was able to raise numerous constitutional arguments in the disciplinary proceedings. *See In re Landrith,* 124 P.3d at 479-84. Finally, the proceedings involved the important state interest of "maintaining and assuring the professional conduct of the attorneys" that the state licenses. *Middlesex County,* 457 U.S. at 434.

Mr. Landrith suggests that the disciplinary proceedings were brought in bad faith, so that *Younger* abstention should not apply. *See id.* at 435 (noting that bad faith may make abstention inappropriate); *Weitzel,* 240 F.3d at 876-77 (same). Mr. Landrith bears a "heavy burden" with regard to establishing bad faith, *see Weitzel,* 240 F.3d at 877, and we find no merit in his contentions. *See also*

*In re Landrith*, 124 P.3d at 484-85 (rejecting Mr. Landrith's claim of bad-faith prosecution).

Mr. Landrith's Motion to Remand Action for Clarification is DENIED. Appellees' Motion for Summary Disposition Due to Mootness is GRANTED in part and DENIED in part; Mr. Landrith's appeal of the denial of injunctive relief is DISMISSED AS MOOT, and the district court's judgment on the remaining claim is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge