**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM HAYES WYTTENBACH,

    Plaintiff-Appellant,

v.

RANITA M. PARRISH,

    Defendant-Appellee.

No. 12-4074
(D.C. No. 2:11-CV-0968-CW)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.


William Wyttenbach wants money from his former domestic partner, Ranita

Parrish. Among other things, he says she breached the terms of a child custody

order issued by a Texas state court and he's entitled to a refund of his child

support and other payments. The district court declined the invitation to take up

the case. Dismissing the suit, the court explained that it fell within the long-

entrenched if judge-made "domestic relations exception" to the congressional

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

statutes granting jurisdiction to the federal courts. *See generally Ankenbrandt v. Richards*, 504 U.S. 689 (1992).

The district court was undoubtedly right. Federal courts have long disclaimed responsibility for domestic relations cases, leaving the power to issue and enforce "divorce, alimony, and child custody decrees" to the states. *Id.* at 703. Neither may a plaintiff overcome the exception and win a federal forum simply by "disguis[ing] the true nature of [a domestic relations] action by claiming that [it is] a claim for damages based on a breach of contract." *McLaughlin v. Cotner*, 193 F.3d 410, 413 (6th Cir. 1999). This, however, is precisely what Mr. Wyttenbach seeks to do. While he says his suit sounds in contract, there's no question that he would like a federal court to evaluate Ms. Parrish's obligations under child custody arrangements negotiated in and supervised by a state court, hold that Ms. Parrish failed to comply with her obligations, and tell her to refund the money he's paid under their agreement.

For her part, Ms. Parrish wants us not just to affirm the district court but issue sanctions. We certainly have the authority to sanction a party whose appeal is "presented for an improper purpose, such as to harass or to cause unnecessary . . . expense in the litigation." 10th Cir. R. 46.5(B)(1) and (D). And Ms. Parrish has pointed to an array of filings by Mr. Wyttenbach in other courts that suggest his litigation here is not just meritless but designed to harass. Still, this is his first filing in this court and a mistake over the scope of our jurisdiction

is not always the same thing as seeking to harass. Of course, Mr. Wyttenbach is now fully on notice of his error and further filings in federal court on this same subject matter would be difficult to explain as consistent with any upright purpose and may well be subject to sanction.

The judgment of the district court is affirmed. Ms. Parrish's motion for sanctions is denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge