FILED
United States Court of Appeals
Tenth Circuit

December 7, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRET DAVID LANDRITH,

      Plaintiff-Appellant,

v.

JOHN C. GARIGLIETTI, Chief Judge of
the Eleventh Judicial District Crawford
County, Kansas, in his official capacity;
CAROL G. GREEN, Clerk of the
Appellate Courts, State of Kansas, in her
official capacity,

      Defendants-Appellees.

No. 12-3048
(D.C. No. 2:11-CV-02465-KHV-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **EBEL**, Circuit Judges.

Unhappy with the outcome of his divorce and child custody case in Kansas

state court, Bret Landrith sued the state judge and clerk of court in federal court.  For

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

her part, the federal judge assigned to the matter dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2). Now before us, Mr. Landrith says the district judge erred on the merits and, in any event, should have recused herself.

The district court's dismissal, however, was surely correct. Mr. Landrith's complaint essentially seeks federal review of a state court custody decision. For Mr. Landrith to prevail, a federal court would have to review and reject orders issued by a state judge in state domestic relations proceedings. Federal courts, however, lack the power to do any of this. As the district court correctly explained, the *Rooker-Feldman* doctrine precludes as much and has long done so. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). That doctrine expressly prohibits "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (quotation omitted).

Neither is this the end to the obstacles confronting Mr. Landrith. Federal courts are not authorized to grant injunctive relief against judicial officers taking actions in their judicial capacity, absent limited circumstances not present here. 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was

unavailable.").  Yet there is no question that Mr. Landrith is seeking to sue judicial

officers for actions taken in their judicial capacity.  *See Lundahl v. Zimmer*, 296 F.3d

936, 939 (10th Cir. 2002) (judges and court clerks are judicial officers).  Neither

under the long-entrenched, if judge made, "domestic relations exception" are federal

courts entitled to issue "divorce, alimony, and child custody decrees." *Ankenbrandt v.*

*Richards*, 504 U.S. 689, 703 (1992).  Nor are attempts to "disguise the true nature of"

a domestic relations action in order to secure a federal forum sufficient to preclude

application of this rule.  *McLaughlin v. Cotner*, 193 F.3d 410, 413 (6th Cir. 1999).

Given all this, we have no question the district court correctly dismissed

Mr. Landrith's case under § 1915(e)(2).

Turning his attention from the substance of the district court's ruling to the

procedures it employed to arrive at it, Mr. Landrith argues he is entitled to default

judgment because the defendants responded to his complaint by filing a § 1915(e)(2)

motion to dismiss rather than an answer or a motion under Fed. R. Civ. P. 12(b)(6).

The district court, however, quite correctly explained that a § 1915(e) motion is

effectively treated as a 12(b) motion and, accordingly, as an effort to "otherwise

defend" under the default judgment rule, Fed. R. Civ. P. 55(a).  *Cf. Hise v. Phillip*

*Morris, Inc.*, No. 99-5113, 2000 WL 192892, at *3 (10th Cir. Feb. 17, 2000)

(unpublished order and judgment) (endorsing broad reading of "otherwise defend").

Alternatively, Mr. Landrith argues the district court's dismissal of his

complaint as frivolous under § 1915(e)(2) was improper because a magistrate judge

had already granted his motion to proceed *in forma pauperis* and so must have found some merit to his claims. Whatever other problems attend this argument, however, Mr. Landrith's assumption that the magistrate judge must have screened his case for merit under § 1915(e)(2) or § 1915A is simply in error. The magistrate judge's order clearly states that Mr. Landrith's *in forma pauperis* motion was granted solely based on financial (in)ability, not based on an assessment of his lawsuit's merit or lack of merit. *See Buchheit v. Green*, Nos. 12-3154 & 12-3158, 2012 WL 5909036, at *3 (10th Cir. Nov. 27, 2012).

Finally, Mr. Landrith contends the district court judge should have recused herself due to bias, an issue he raises for the first time on appeal. The untimeliness of Mr. Landrith's request for recusal is reason enough to reject this contention. *See United States v. Pearson*, 203 F.3d 1243, 1276 (10th Cir. 2000). But even if we overlooked this problem, another would immediately emerge: the lack of any facts in Mr. Landrith's brief or the record suggesting bias on the part of the district judge.

For all these reasons, the judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge