**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRET DAVID LANDRITH,

      Plaintiff-Appellant,

v.

BANK OF NEW YORK MELLON;
CATHERINE A. REIN; BANK OF
AMERICA CORPORATION;
COUNTRYWIDE HOMELOAN, INC.;
CWALT, INC.; ALTERNATIVE LOAN
TRUST 2007-OA7; BAC HOME
LOANS SERVICING, LP;
COUNTRYWIDE FINANCIAL;
COUNTRYWIDE HOME LOANS;
KPMG LLP; STEPHEN E.
SUMMERS;REALTY EXECUTIVES
OF KANSAS CITY; SOUTH &
ASSOCIATES, PC; BRYAN CAVE,
LLP,

      Defendants-Appellees

No. 13-3080
(D.C. No. 2:12-CV-02352-EFM-DJW)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

_____

Bret Landrith appeals the district court's dismissal of his claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c) & (d), 1964(c), and its imposition of filing restrictions. The parties are familiar with the facts, so we do not recite them here.

The district court applied collateral estoppel (issue preclusion), but we affirm for another reason that defendants raised below. Landrith has no standing to bring this suit because he has no ownership interest in the real property that underlies his RICO claims (the Property). *See Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("[S]tanding for private individuals under RICO requires a plaintiff to have been injured in his business or property by the conduct constituting the violation." (internal quotation marks omitted)). Landrith's purported interest in the Property arises from a quitclaim deed that the former owner executed after a sheriff's sale and the expiration of the statutory redemption period. By that point, the former owner had no interest in the Property to convey to Landrith, *see* Kan. Stat. Ann. § 60-2414, and the quitclaim deed did not transfer to Landrith any cause of action that the former owner might have had regarding the foreclosure on the Property, *see Colver v. McInturff*, 212 P. 88, 88-89 (Kan. 1923). Accordingly, we affirm the district court's dismissal of the lawsuit.

As for the filing restrictions, Landrith failed to file any response or objections to the district court court's order notifying him of the proposed injunction. "We do not review claims on appeal that were not presented below." *Pignanelli v. Pueblo Sch. Dist. No. 60*, 540 F.3d 1213, 1217 (10th Cir. 2008).

Landrith's motion to proceed without prepayment of fees and costs is denied. The district court's judgment and injunction are affirmed.

Entered for the Court

John C. Porfilio
Circuit Judge