FILED
United States Court of Appeals
Tenth Circuit

September 10, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BRET DAVID LANDRITH,

      Plaintiff-Appellant,

v.

DEREK SCHMIDT, Kansas Attorney
General, in his personal capacity; DON
JORDAN, former Secretary of SRS, in
his personal capacity; ROB SIEDLECKI,
former Secretary of SRS, in his personal
capacity; BOB CORKINS, SRS General
Counsel, in his official capacity; JOHN
BADGER, former Chief Counsel of SRS,
in his personal capacity; STANTON A.
HAZLETT, Disciplinary Administrator,
in his official capacity; BRIAN FROST;
CRAIG E. COLLINS; YOUNG
WILLIAMS, PC; DAVID WEBER, SRS
case worker; PHYLLIS GILMORE,
acting Secretary of SRS, in her official
capacity; ROBERT D. DENNIS, Clerk of
the Court, United States District Court,
Western District of Oklahoma, in his
official capacity; J. EDWARD BARTH,
Chairman, Committee on Admission and
Grievances, Western District of
Oklahoma, in his official capacity; JOHN
HERMES, Committee on Admissions
and Grievances, Western District of
Oklahoma, in his official capacity; JUDY
HAMILTON MORSE, Esq., Committee
on Admissions and Grievances, Western
District of Oklahoma, in her official
capacity; WILLIAM J. CONGER,
Committee on Admissions and
Grievances, Western District of
Oklahoma, in his official capacity;

Nos. 12-3302 & 12-3332
(D.C. No. 2:12-CV-02161-CM-GLR)
(D. Kan.)

EMMANUEL E. EDEM, Committee on Admissions and Grievances, Western District of Oklahoma, in his official capacity; WILLIAM ROSS, Committee on Admissions and Grievances, Western District of Oklahoma, in his official capacity,

Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

Pro se plaintiff Bret Landrith appeals the district court's dismissal of his civil rights complaint (appeal No. 12-3302) and imposition of filing restrictions on him (appeal No. 12-3332).  The parties are familiar with the facts, so we do not recite them here.

### *Appeal No. 12-3302*

The district court's dismissal of the First Amended Complaint is affirmed under the pleading principles set forth in *Bell Atlantic Co. v. Twombly*, 550 U.S. 544,

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

555-57 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009). The complaint's allegations do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Particularly, Landrith's "bare assertion[s] of conspiracy will not suffice." *Twombly*, 550 U.S. at 556. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.[1]

The district court's denial of Landrith's motion for leave to file a second amended complaint also is affirmed because amendment would have been futile. *See Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000).

### *Appeal No. 12-3332*

The injunction imposing filing restrictions is affirmed. It is well-established that a court has the inherent power "to regulate the activities of abusive litigants by

---

[1] Various claims also are subject to dismissal on other grounds, including (1) lack of standing to pursue claims for third parties, *see Wilderness Society v. Kane Cnty., Utah*, 632 F.3d 1162, 1168, 1170-72 (10th Cir. 2011) (en banc); (2) abstention under *Younger v. Harris*, 401 U.S. 37 (1971); (3) qualified immunity, *see Stewart v. Beach*, 701 F.3d 1322, 1329-30 (10th Cir. 2012); (4) lack of proper service of process, *see* Fed. R. Civ. P. 4; and (5) lack of personal jurisdiction, see *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Res judicata (claim preclusion) may also apply. *See Rhoten v. Dickson*, 223 P.3d 786, 798 (Kan. 2010) ("Both federal and Kansas courts have held a pending appeal does not suspend the finality of the lower court's judgment for claim preclusion purposes."); *but see State v. Roberts*, 259 P.3d 691, 700 (Kan. 2011) ("[C]onsistent with the doctrine of res judicata, the order of dismissal would not be final until the opportunity for an appeal had expired or was exhausted; only then would the order have preclusive effect.").

imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam) (quotation omitted). "[I]njunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Id.* at 353. "[T]here must be some guidelines as to what plaintiff must do to obtain the court's permission to file an action." *Id.* at 354. And a litigant "is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* The district court's injunction met each of these requirements.

The judgments of the district court are affirmed in both No. 12-3302 and No. 12-3332.

Entered for the Court

John C. Porfilio
Circuit Judge