**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BRET DAVID LANDRITH,

      Plaintiff-Appellant,

v.

DEREK SCHMIDT, Kansas Attorney
General, in his personal capacity; DON
JORDAN, former Secretary of SRS, in
his personal capacity; ROB SIEDLECKI,
former Secretary SRS, in his personal
capacity; BOB CORKINS, SRS General
Counsel, in his official capacity; JOHN
BADGER, former Chief Counsel of SRS,
in his personal capacity; STANTON A.
HAZLETT, Disciplinary Administrator,
in his official capacity; BRIAN FROST;
CRAIG E. COLLINGS; YOUNG
WILLIAMS, PC; DAVID WEBER, SRS
case worker; PHYLLIS GILMORE,
acting Secretary of SRS, in her official
capacity; ROBERT D. DENNIS, Clerk of
the Court, United States District Court,
Western District of Oklahoma, in his
official capacity; J. EDWARD BARTH,
Chairman, Committee on Admission and
Grievances, Western District of
Oklahoma, in his official capacity; JOHN
HERMES, Committee on Admissions
and Grievances, Western District of
Oklahoma, in his official capacity; JUDY
HAMILTON MORSE, Esq., Committee
on Admissions and Grievances, Western
District of Oklahoma, in her official
capacity; WILLIAM J. CONGER,
Committee on Admissions and

Nos. 12-3302 & 12-3332
(D.C. No. 2:12-CV-02161-CM-GLR)
(D. Kan.)

Grievances, Western District of
Oklahoma, in his official capacity;
EMMANUEL E. EDEM, Committee on
Admissions and Grievances, Western
District of Oklahoma, in his official
capacity; WILLIAM ROSS, Committee
on Admissions and Grievances, Western
District of Oklahoma, in his official
capacity,

       Defendants-Appellees.

---

## ORDER

---

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

---

On September 10, 2013, we ordered Bret D. Landrith to show cause why this court should not impose filing restrictions on him. Mr. Landrith has timely responded, but he has failed to demonstrate good cause why the proposed filing restrictions should not be imposed. It is therefore ordered that the filing restrictions proposed in this court's September 10, 2013, order, a copy of which is attached to this order, shall take effect immediately upon entry of this order.

                    Entered for the Court
                    PER CURIAM

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRET DAVID LANDRITH,

      Plaintiff-Appellant,

v.

DEREK SCHMIDT, Kansas Attorney
General, in his personal capacity; DON
JORDAN, former Secretary of SRS, in
his personal capacity; ROB SIEDLECKI,
former Secretary SRS, in his personal
capacity; BOB CORKINS, SRS General
Counsel, in his official capacity; JOHN
BADGER, former Chief Counsel of SRS,
in his personal capacity; STANTON A.
HAZLETT, Disciplinary Administrator,
in his official capacity; BRIAN FROST;
CRAIG E. COLLINGS; YOUNG
WILLIAMS, PC; DAVID WEBER, SRS
case worker; PHYLLIS GILMORE,
acting Secretary of SRS, in her official
capacity; ROBERT D. DENNIS, Clerk of
the Court, United States District Court,
Western District of Oklahoma, in his
official capacity; J. EDWARD BARTH,
Chairman, Committee on Admission and
Grievances, Western District of
Oklahoma, in his official capacity; JOHN
HERMES, Committee on Admissions
and Grievances, Western District of
Oklahoma, in his official capacity; JUDY
HAMILTON MORSE, Esq., Committee
on Admissions and Grievances, Western
District of Oklahoma, in her official
capacity; WILLIAM J. CONGER,
Committee on Admissions and
Grievances, Western District of
Oklahoma, in his official capacity;

Nos. 12-3302 & 12-3332
(D.C. No. 2:12-CV-02161-CM-GLR)
(D. Kan.)

EMMANUEL E. EDEM, Committee on
Admissions and Grievances, Western
District of Oklahoma, in his official
capacity; WILLIAM ROSS, Committee
on Admissions and Grievances, Western
District of Oklahoma, in his official
capacity,

Defendants-Appellees.

---

## ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT IMPOSE FILING RESTRICTIONS ON BRET D. LANDRITH

---

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

---

Bret D. Landrith is the pro se appellant in three appeals decided today.
*See Landrith v. Schmidt*, Nos. 12-3302 & 12-3332 (10th Cir. Sept. 10, 2013);
*Landrith v. Bank of N.Y. Mellon*, No. 13-3080 (10th Cir. Sept. 10, 2013). In these
decisions, we upheld the dismissals of two complaints and the imposition of pro se
filing restrictions against Landrith in the United States District Court for the District
of Kansas. *See Schmidt*, slip op. at 2-4; *Bank of N.Y. Mellon*, slip op. at 2-3. In light
of these decisions and Landrith's litigation history in this court, we take up the issue
of whether Landrith also should be restricted from filing pro se matters in this court.

### Background

Landrith graduated from law school in 2001 and was admitted to the Kansas
bar in 2002, but he was disbarred in 2005. *See In re Landrith*, 124 P.3d 467, 470,
486 (Kan. 2005) (per curiam). In concurring with the disciplinary panel's

- 2 -

recommendation of disbarment, the Kansas Supreme Court noted that Landrith's

"language is occasionally incoherent, and, more than occasionally, inflammatory.  In

the pleadings and the motions, [Landrith] consistently fails to cite a factual basis for

his allegations or to develop sensible legal arguments."  *Id.* at 470.  The disciplinary

panel found that Landrith violated six of the Kansas Rules of Professional Conduct in

representing two clients, and noted Landrith's "'total incompetence in the practice of

law.'"  *Id.* at 478.

> The panel found that [Landrith] felt his law license granted him the
> ability to allege whatever he wanted against whatever person or entity,
> regardless of whether the allegations were true or false.  The panel
> further found that [Landrith] was "either unwilling or unable to
> understand basic principles in the practice of law"; that he would be a
> detriment to future clients, the public, the legal profession, and the legal
> system; and that his performance as a lawyer and his allegations of
> misconduct on the part of others were reprehensible.

*Id.* at 478-79.  Ultimately the Kansas Supreme Court concluded that the record

"provides a wealth of evidence supporting the panel's recommendation and none

supporting [Landrith's] plea for dismissal" and ordered him disbarred.  *Id.* at 486.

### Pro Se Litigation Before This Court

In 2004, Landrith appealed from the district court's dismissal of a civil rights

complaint in which he sought to enjoin the Kansas disbarment proceedings.  *Landrith*

*v. Hazlett*, 170 F. App'x 29, 30 (10th Cir. 2006).  By the time the appeal was before

the court for decision, however, the disbarment proceedings had concluded and

Landrith's claims for injunctive relief were moot.  *See id.* at 30.  His claims for costs

survived, *id.* at 31, but this court concluded that the district court had properly

- 3 -

dismissed his complaint under the *Younger* abstention doctrine, *id.*  Landrith argued

that the Kansas disciplinary proceedings were brought in bad faith, but this court

found no merit in his contentions.  *See id.*

In 2011, Landrith filed an 18-page petition for a writ of mandamus under

28 U.S.C. § 1651, asserting that the district court had unreasonably delayed ruling on

motions in a pending civil case (*Landrith v. Gariglietti*, district court

No. 11-2465-KHV/GLR).  The mandamus petition was replete with allegations

concerning invidious conduct by a state judge and state officials, including retaliation

against Landrith and others for civil rights advocacy in Kansas.  It was denied as

moot because the district court had ruled on the motions and dismissed Landrith's

complaint as frivolous before the mandamus petition came before the court for

decision.  *See In re Landrith*, No. 11-3388 (10th Cir. Feb. 21, 2012) (unpublished

order).  Landrith's subsequent motion to reopen the mandamus petition accused the

federal district court of criminal conduct and conspiracy to violate citizen's rights.

That motion too was denied.  *See In re Landrith*, No. 11-3388 (10th Cir. Apr. 4,

2012) (unpublished order).

Landrith then appealed from the district court's dismissal of the *Gariglietti*

complaint.  *See Landrith v. Gariglietti*, 505 F. App'x 701 (10th Cir. 2012).

Landrith's 51-page opening brief again alleged improper conduct by the district court

and retaliatory conduct and civil rights violations by various persons in Kansas.  At

the end of the brief, a vague and conclusory paragraph suggested that the district

court was required to disclose a conflict of interest. We held that "[t]he district court's dismissal . . . was surely correct" because the "complaint essentially seeks federal review of a state court custody decision." *Id.* at 702. In addition to the *Rooker-Feldman* doctrine, judicial immunity and the domestic-relations exception precluded granting any relief. *Id.* at 702-03. We also rejected Landrith's bias argument, pointing out that his brief and the record lacked any facts suggesting bias. *Id.* at 703.

In addition to *Gariglietti*, in 2012 Landrith also filed the *Schmidt* appeals, Nos. 12-3302 and 12-3332. These appeals arose out of the district court's dismissal of an 87-page, 411-paragraph first amended civil rights complaint against eighteen defendants that substantially duplicated a petition that Landrith already had filed in state court. The federal complaint alleged a multiplayer racketeering operation in connection with the Kansas foster-care system, with defendants intentionally violating the civil rights of Landrith and others in part to retaliate against Landrith for his representation of minorities. Among the eighteen issues raised in Landrith's 56-page opening brief—which was opposed by no fewer than seven appellee briefs— was an accusation of unethical conduct by the district court. Today, we affirmed the dismissal of the first amended complaint for failure to plead a plausible claim for relief and various other reasons. *See Schmidt*, Nos. 12-3302 & 3332, slip op. at 2-3 & n.1. We also affirmed the district court's imposition of filing restrictions against Landrith. *See id.* at 3-4.

Most recently, in *Bank of New York Mellon*, No. 13-3080, Landrith appealed from the district court's dismissal of a complaint under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c) & (d), 1964(c). Landrith's opening brief and reply brief cast aspersions on the district court, as well as on another federal district judge. Also today, we affirmed the dismissal because the complaint sought to challenge a foreclosure on real property in which Landrith has no ownership interest. *See Bank of N.Y. Mellon*, No. 13-3080, slip op. at 2. Moreover, Landrith failed to file objections to the district court's proposed filing restrictions. *See id.* at 2-3.

Simply put, Landrith has strained this court's resources with his frivolous and abusive pro se filings, which have only increased as of late. His 2011 mandamus petition and the four appeals he filed in 2012 and 2013 presented arguments with fundamental legal flaws, and none were successful. They also exemplify the concerns expressed by the Kansas Supreme Court in disbarring Landrith. *See Landrith*, 124 P.3d at 470, 478-79.

### *Filing Restrictions*

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing

carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the . . . court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome . . . as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati*, 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

### A.    Proposed Injunction

Subject to Landrith's opportunity to file written objections that we outline below, we propose to enjoin Landrith from petitioning this court for relief, either by appeal or through an original proceeding, including a petition for a writ of mandamus under 28 U.S.C. § 1361, unless he either (1) is represented by an attorney who is admitted to practice in this court or (2) obtains permission to proceed pro se.

Landrith must take the following steps to obtain permission to proceed pro se:

- 7 -

1.  Submit a petition to the clerk of this court requesting leave to file a pro se action and setting forth (a) a list of all pro se lawsuits currently pending or filed previously with this court, including the name, number, and citation (if applicable) of each case, and the current status or disposition of the case; and (b) a list advising this court of all outstanding injunctions or orders limiting his access to federal court, including orders and injunctions requiring him either to seek leave to file matters pro se or be represented by an attorney, with each matter identified by name, number, and citation (if applicable), of all such orders or injunctions; and

2.  File with the clerk of this court a notarized affidavit in proper legal form reciting the issues he seeks to present, including a short discussion of the legal basis asserted therefor, and if appropriate, describing with particularity the order being challenged.  The affidavit also must certify to the best of Landrith's knowledge that the legal arguments being raised are not frivolous or made in bad faith; that they are warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; that his petition or appeal is not being filed for any improper purpose; and that he will comply with all appellate and local rules of this court.

Once filed, these documents shall be submitted to the chief judge of this court. The chief judge or his or her designee shall review the documents to determine whether to permit the pro se proceeding.  Without the approval of the chief judge or his or her designee, the matter will be dismissed.  If the submission is approved, an

order will be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and Tenth Circuit Rules.

### B.      Opportunity To Be Heard

Landrith is ordered to show cause within twenty-one days from the date of this order why this court should not enter the proposed injunction.  Landrith's response shall be written and shall be limited to fifteen pages, following the font and type limitations set forth in Fed. R. App. P. 32(a)(4)-(6).  Absent a response to this order to show cause, the proposed injunction will enter twenty-eight days from the date of this order and will apply to any matter filed after that time.  If Landrith does file a timely response, the proposed injunction will not enter unless the court so orders, after it has considered the response and ruled on Landrith's objections.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk